IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AMIEL CUETO,

Plaintiff,

v.

ROBERT THOMAS, LLOYD KARMEIER,
RITA GARMAN, THOMAS FITZGERALD,
ANNE BURKE, CHARLES FREEMAN,
THOMAS KILBRIDE, and JAMES GROGAN,

Defendants.                                             No. 08-0868-DRH

## MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

Now before the Court are Defendants' motions to dismiss (Docs. 9 & 12). All Defendants move to dismiss Plaintiff's claims arguing, *inter alia*, that the **Rooker/Feldman** doctrine bars Plaintiff's cause of action. Defendant Grogan also moves to dismiss Plaintiff's cause of action as time barred. Plaintiff opposes the motions (Docs. 18, 19 & 27). Based on the pleadings, the applicable law and the following, the Court **GRANTS** the motions to dismiss.

On December 10, 2008, Amiel Cueto, pro se, filed a three count complaint against Defendants Robert Thomas, Lloyd Karmeier, Rita Garman, Thomas Fitzgerald, Anne Burke, Charles Freeman, Thomas Kilbride and James Grogan pursuant to the Civil Rights Act, 42 U.S.C. § 1983 (Doc. 1). Counts I and II

are against Thomas, Karmeier, Garman, Fitzgerald, Burke, Freeman and Kilbride, the seven current justices of the Illinois Supreme Court in their official capacities, for deprivations of Cueto's Fourteenth Amendment rights to due process and equal protection. Count I claims that the process in disbarring him violated his due process and the equal protection and that failure to vacate the order of disbarment is a violation of the Fourteenth Amendment. Count II claims that the justices of the Illinois Supreme Court issued supervisory orders in two cases in which he filed against newspaper companies and that these orders violate the due process and equal protection clauses of the Fourteenth Amendment.[1] In Counts I and II, Cueto seeks declaratory relief. Count III is against Grogan in his official capacity as an officer of the Illinois Attorney Registration and Disciplinary Commission ("ARDC") for deprivations of Cueto's Fourteenth Amendment rights to due process and equal protection. In Count III, Cueto seeks $30,000,000.00 in compensatory damages, punitive damages up to nine times of the compensatory damages and attorney's fees.

In 1997, Cueto was convicted in the Southern District of Illinois of one count of conspiracy to defraud the United States and three counts of obstruction of justice. **United States v. Cueto, No. 96-CR-30070-DRH (S.D. Ill. September 19, 1997)(Limbaugh, J.)**. The Seventh Circuit Court of Appeals upheld his conviction and sentence in 1998, **United States v. Cueto, 151 F.3d 620 (7th Cir. 1998)**, and

---

[1] According to Cueto's complaint, the justices of the Illinois Supreme Court issued supervisory orders in two cases. The orders were entered in **Cueto v. Madison County Record, Inc., 06-L-671** and **Cueto v. Chicago Tribune Co, 07-L-80**.

the United States Supreme Court subsequently denied certiorari, ***United States v. Cueto*, 526 U.S. 1016 (1999)**.

Thereafter, Cueto filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 on November 11, 1999. ***Cueto v. United States*, 99–CV-0831-SNL (Doc. 1)**. District Judge Stephen Limbaugh denied Cueto's petition on August 18, 2000. ***Id.* at Doc. 34**. On March 15, 2001, the Seventh Circuit denied Cueto's request for certificate of appealability. ***Id.* at Doc. 42**. On July 19, 2002, Cueto filed another petition for habeas corpus pursuant to 28 U.S.C. § 2241. ***Cueto v. Stepp*, 02-0777-JDT (Doc. 1)**. On December 15, 2005, Judge Tinder dismissed the § 2241 petition for want of jurisdiction as a successive petition barred by § 2255. ***Id.* at Docs. 114 & 115**.

Also in 1997, an ARDC Administrator initiated proceedings to have Cueto disbarred. ***In re Cueto*, Comm. No. 97-SH-100 (Ill. A.R.D.C. March 28, 2003)**. On August 19, 1998, the Supreme Court of Illinois suspended Cueto from the practice of law pending further order. On August 31, 2001, the ARDC Review Board rejected a first set of findings issued by the ARDC Hearing Board and remanded for further proceedings, **Comm. No. 97-SH-100 (Ill. A.R. D.C. Aug. 31, 2001)**, a decision left undisturbed by the Illinois Supreme Court, **M.R. 17763, Comm. No. 97-SH-100 (Ill. Jan. 30, 2002)**. On July 19, 2004, the ARDC Review Board adopted the ARDC Hearing Board's second set of findings and recommended Cueto's disbarment. **Comm. No. 97-SH-100 (Ill. A.R.D.C. July 19, 2004)**. On

November 17, 2004, the Illinois Supreme Court adopted the ARDC Review Board's recommendation and disbarred Cueto. **M.R. 19679, Comm. No. 97-SH-100 (Ill. Nov. 17, 2004)**.

Thereafter on May 12, 2008, Cueto petitioned the Supreme Court of Illinois to vacate the order of disbarment. The Illinois Supreme Court denied Cueto's motion on June 12, 2008. **M.R. 19679, Comm. No. 97-SH-100 (Ill. June 12, 2008)**.

## II. Motion to Dismiss

**Rule 12(b)(6)** permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **Fed.R.Civ.P. 8(a)(2)**. Motions to dismiss are intended only to test the legal sufficiency of the plaintiff's complaint, not to address the claims on their merits; summary judgment motions are the proper vehicles to consider legal arguments and evidence.

In 2007, the Supreme Court determined that **Conley's** famous "no set of facts" phrase "has earned its retirement." **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, (2007)**. According to the Supreme Court, the threshold pleading requirement of **Federal Rule of Civil Procedure 8** requires a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a **Rule 12(b)(6)** motion to dismiss for failure to state a claim for which relief can be

granted. ***Id*. at 570 (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id*. at 555 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. ***Id*. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'")(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(emphasis added))**.

Further, when deciding a motion to dismiss, a court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment. ***Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *Gen Elec. Capital Corp v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997)**. Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper. ***Menominee,* 161 F.3d at 456**.

### III. Analysis

**Counts I and II**

Defendants argue that, pursuant to the ***Rooker/Feldman*** doctrine, the Court lacks jurisdiction over Cueto's claims against them in Counts I and II. Cueto objects arguing that the state court orders were not "judgments" as contemplated by the ***Rooker/Feldman*** doctrine. The Court agrees with Defendants.

"The ***Rooker/Feldman*** doctrine recognizes that federal district courts do not have subject matter jurisdiction to hear appeals from state court decisions; only the Supreme Court has the authority to reverse or modify a state court judgment." ***Burke v. Johnston*, 452 F.3d 665, 667 (7th Cir. 2006)(citing *Exxon MObil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923))**. ***Rooker/Feldman*** precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." ***Exxon Mobil Corp.*, 544 U.S. at 284**. " The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." ***Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001)(quoting *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993))**.

Case law clearly demonstrates that lower federal courts do not have jurisdiction to review attacks on state attorney disciplinary proceedings. ***Rooker v.***

*Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141-42 (7th Cir. 1999); *Levin v. ARDC*, 74 F.3d 763, 766 (7th Cir. 1996); *In re Palmisano*, 70 F.3d 483, 487 (7th Cir. 1995).[2] Further, the doctrine also applies to interlocutory appeals that consitute an "end run around an adverse state court ruling ..." *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003)(citing *Maple Lanes. Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999)).

In this case, Cueto is clearly requesting this Court to reverse the decisions made by the Illinois Supreme Court in his state court cases and in his Illinois Attorney Disciplinary Proceeding. As to Count I, Cueto's requested relief (a declaration that the Illinois Supreme Court's process/decisions regarding his disbarment violate due process and equal protection) is clearly an attack on the Illinois Attorney Disciplinary Proceeding. Thus, the Court does not have jurisdiction over Count I of Cueto's complaint. As to Count II, Cueto's requested relief (a declaration that the supervisory orders of the Illinois Supreme Court are null and void) is also clearly an attack on the decisions made by the justices in Cueto's civil cases. Furthermore, Cueto's request is "inextricably intertwined" with the Illinois Supreme Court's decisions since granting Cueto this relief would require determining that the earlier Illinois Supreme Court's decisions were wrong. Clearly, the Court does not have subject matter jurisdiction over Count II of Cueto's complaint.

---

[2] This precise ruling was recently reiterated in the unpublished Seventh Circuit decision of *In re Crenshaw*, No. 05-1042, 2005 WL 1140306 (7th Cir. May 12, 2005).

**Count III**

Here, Defendant Grogan argues that Cueto's 1983 action against him is barred by the applicable 2 year statute of limitations. Cueto responds that the statute of limitations applicable in this case is 5 years pursuant to 735 ILCS 5/13-205. Cueto is wrong.

**42 U.S.C. § 1983** does not contain a statute of limitations. The statute of limitations for claims under Section 1983 is the statute of limitations for personal injury torts in the state in which the cause of action arose. ***See Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)***. Cueto's cause of action arose entirely in the state of Illinois where the statute of limitations for personal injury actions is two years. ***See* 735 ILCS 5/13-202**.

Here, Cueto filed his complaint on December 10, 2008. For his cause of action to be timely under the applicable statute of limitations, his cause of action had to accrue on or after December 10, 2006. Cueto's complaint specifically pleads that "this cause of action accrued November 19, 2004." (Doc. 1, ¶ 63). Obviously, Cueto's cause of action is time barred. Thus, the Court grants Grogan's motion to dismiss. Because Cueto's action is time barred, the Court need not address Grogan's remaining arguments contained in his motion to dismiss.

**IV. Conclusion**

Accordingly, the Court **GRANTS** Defendants' motions to dismiss (Docs. 9 & 12). The Court **DISMISSES** Cueto's cause of action in its entirety. The Court **DISMISSES** Counts I and II for lack of subject matter jurisdiction as these claims are barred by the *Rooker/Feldman* doctrine. Also, the Court **DISMISSES with prejudice** Count III as barred by the applicable statute of limitations. The Court will close the file.

**IT IS SO ORDERED.**

Signed this 3rd day of September, 2009.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**